**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1486
_____

DEBORAH DUNGEE,
on behalf of herself and all others similarly situated

v.

DAVISON DESIGN & DEVELOPMENT INC,
f/k/a Davison & Associates Inc.,

Davison Design & Development, Inc.,

       Appellant
_____

On Appeal from the United States District Court for the District of Delaware
(D.C. No. 1-10-cv-00325)
District Judge: Honorable Gregory M. Sleet
_____

Argued: November 8, 2016

Before: MCKEE, RESTREPO, *Circuit Judges*. and HORNAK,[*] *District Judge*

(Filed: January 6, 2017)
_____

_____

  [*] Honorable Mark R. Hornak, District Judge for the United States District Court for the Western District of Pennsylvania, sitting by designation.

RICHARD H. CROSS, JR. [Argued]
Cross & Simon
1105 North Market Street, Suite 901
P.O. Box 1380
Wilmington, DE 19899-1380
        *Counsel for Appellees*

J. NICHOLAS RANJAN [Argued]
H. WOODRUFF TURNER
DAVID M. ACETO
JAMES P. ANGELO
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222

KATHLEEN F. MCDONOUGH
JOHN A SENSING
Potter Anderson & Corroon
1313 North Market Street
6th Floor
Wilmington, DE 19801
        *Counsel for Appellant*

_____

OPINION[**]

_____


RESTREPO, *Circuit Judge*.

In this class action, the parties reached a settlement that did not resolve attorneys'

fees. After the parties briefed and argued the attorneys' fees issues before the District

Court, the Court awarded over $1 million in fees to class counsel, which was more than

four times the lodestar calculation. Because the District Court did not provide any

---

[**] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

2

findings to support this enhanced award, we will vacate and remand.

## I

Named Plaintiff Deborah Dungee filed this class action on behalf of herself and certain other individuals who had entered into contracts with Defendant Davison Design & Development, Inc. for invention promotion services. Dungee's suit included class claims against Davison for violations of the American Inventors Protection Act of 1999 ("AIPA") and for breach of contract. A fee-shifting provision within the AIPA allows customers who are deemed injured under the statute to recover "reasonable costs and attorneys' fees." 35 U.S.C. § 297(b)(1).

After the District Court denied Davison's motion to dismiss Dungee's original complaint, the parties mediated the case and reached a settlement agreement. Although the parties agreed that Davison would pay class counsel's fees, they could not agree on the proper amount, so Dungee submitted a motion for attorneys' fees to the District Court. Dungee sought $2 million in fees under a percentage-of-recovery calculation. Davison argued in response that the lodestar calculation method[1] was more appropriate under the circumstances; the parties agreed that the base lodestar calculation amounted to $257,226.76. The District Court held a class action settlement fairness hearing on July 30, 2015, during which the parties argued the attorneys' fees issues.

On February 16, 2016, the District Court issued an order granting $1,118,936.40 in attorneys' fees to Dungee's counsel. The District Court reached this figure by

---

[1] The lodestar is calculated by multiplying the number of hours an attorney reasonably worked on a case by that attorney's reasonable hourly billing rate. *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005), as amended (Feb. 25, 2005).

3

applying a 4.35 multiplier to enhance the base lodestar calculation. The District Court

explained its methodology in one paragraph within a footnote:

> Applying the lodestar method, the court first notes that based upon the class attorneys' hourly rates, the fees amount to $257,226.76. While Davison argues that no multiplier should be used because this is a "tag-along case," this ignores the substantial case law that applies multipliers. . . . Dungee asserts that the Third Circuit typically applies multipliers up to 15.6 with an average of 4.35. . . .; *Bradburn Parent Teacher Store, Inc. v. 3M*, 513 F. Supp. 2d 322, 341 (E.D. Pa. 2007). Following Dungee's alternative recommendation, the court will adopt the average multiplier within the Third Circuit of 4.35 and impose a fee of $1,118,936.40.

JA5a. On February 24, 2016, the District Court entered an order approving the

final settlement between the parties, which included the $1.1 million attorneys'

fees award. Davison timely appealed the District Court's attorneys' fees decision

to this Court.

## II[2]

### A

"There are two primary methods for calculating attorneys' fees" awards in the

class action context: (1) the percentage-of-recovery method; and (2) the lodestar method.

---

[2] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291.

"We review the District Court's award of attorneys' fees for abuse of discretion, 'which can occur if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous.'" *Rite Aid*, 396 F.3d at 299 (quoting *In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 727 (3d Cir. 2001)). "The standards employed calculating attorneys' fees awards are legal questions subject to plenary review, but '[t]he amount of a fee award . . . is within the district court's discretion so long as it employs correct standards and procedures and makes findings of fact not clearly erroneous.'" *Id.* (quoting *Pub. Int. Research Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1184 (3d Cir. 1995)).

4

*Cendant Corp.*, 243 F.3d at 732 (footnote omitted).  As the District Court noted here, "[t]he percentage-of-recovery method is generally favored in cases involving a common fund," *id.* (quoting *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 333 (3d Cir. 1998)), whereas the lodestar method may be more appropriate where the nature of the settlement does not allow the court to determine the value of the settlement,  or where there is a statutory fee-shifting provision, *Prudential*, 148 F.3d at 333.

A district court has discretion to determine which type of case the settlement most closely resembles and which calculation method to apply.  *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 821 (3d Cir. 1995).  Here, the District Court chose the lodestar method, reasoning that "the nature of the settlement ma[de] it difficult to make a precise calculation using the percentage of recovery method."  JA5a.  Indeed, there was no established "common fund" from which a simple percentage could be taken, and the ultimate value of the settlement depended upon the number of claims made by former customers for cash and service vouchers.  Accordingly, we see no error in the District Court's application of the lodestar method in this context.  For the reasons discussed below, however, we must nevertheless vacate the fee award and remand the case to the District Court.

**B**

When a court applies the lodestar method to award fees in a class action case that involves a fee-shifting statute, there is "a 'strong presumption' that the lodestar represents the 'reasonable' fee," for class counsel's work.  *City of Burlington v. Dague*, 505 U.S.

5

557, 562 (1992) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). Any "upward adjustments of the lodestar figure are . . . permissible . . . only in certain 'rare' and 'exceptional'" circumstances, *Del. Valley*, 478 U.S. at 565, typically involving "superior attorney performance," *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010); *see also* William B. Rubenstein, *Newberg on Class Actions* § 15:50 (5th ed. 2011). These circumstances include: (1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value"; (2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; or (3) where there was an "exceptional delay in the payment of fees . . . . particularly where the delay is unjustifiably caused by the defense." *Perdue*, 559 U.S. at 554-56. If presented with a "rare" and "exceptional" case, a district court must tailor the method of enhancing the lodestar to that specific case. *See id.* For instance, if an attorney's hourly rate is "determined by a formula that takes into account only a single factor (such as years since admission to the bar)," the district court may adjust the hourly rate "in accordance with specific proof linking the attorney's ability to a prevailing market rate." *Id.* at 555.

The party requesting an enhancement to the lodestar carries the burden to show that a multiplier is necessary to reach a fair and reasonable fee award. *Id.* at 553; *City of Burlington*, 505 U.S. at 562. That party must produce "specific evidence on the record" supporting the enhancement. *Del. Valley*, 478 U.S. at 565 (internal quotation marks and citation omitted). Further, to ensure that the calculation "is objective and capable of

6

being reviewed on appeal," a district court must provide detailed findings justifying any enhancement to the lodestar. *Perdue*, 559 U.S. at 553, 557-59.

Here, the District Court offered no explanation for why the simple lodestar calculation would not adequately compensate class counsel, or why this case presented "rare" and "exceptional" circumstances needed to enhance the lodestar. We see nothing in the record to suggest that class counsel provided the District Court the "specific evidence" required to justify the enhancement.[3] Rather, it appears that the District Court simply adopted Dungee's recommended 4.35 multiplier, understanding it to be the "average" multiplier used in the Third Circuit.[4] In the absence of specific evidence from class counsel and detailed findings by the District Court justifying the use of *any* lodestar multiplier, let alone a multiplier of 4.35, we must vacate the $1,118,936.40 award and remand the case to the District Court. On remand, the District Court should reassess

---

[3] Significantly, Dungee did not argue, either in her briefing or at oral argument before this Court, that the District Court's use of a 4.35 multiplier was defensible. Dungee maintained instead that the overall award of approximately $1 million in fees was reasonable, in light of the total possible settlement amount.

[4] We note that the District Court cited to only *Bradburn Parent Teacher Store, Inc. v. 3M*, 513 F. Supp. 2d 322, 341 (E.D. Pa. 2007), in support of its use of a multiplier in this case. In *Bradburn,* a district court discussed multipliers in the context of performing a lodestar "cross-check" against a percentage-of-recovery award request; that court was not considering a request to enhance a fee award calculated under the lodestar method in the first instance. *Id.* In any event, the court cited 4.35 as the average multiplier approved by courts in *common fund class actions between 2001 and 2003. See id.* (citing *In re Linerboard Antitrust Litig.*, 2004 WL 1221350, at *16 (E.D. Pa. June 2, 2004)). That figure is irrelevant to this case.

whether an enhancement to the lodestar calculation is appropriate in this case and, if so, it should provide factual findings supporting any multiplier used.

## III

For the reasons set forth above, we will vacate the District Court's order granting $1,118.936.40 in attorneys' fees, and the District Court's order approving final settlement of this class action, insofar as the final settlement incorporated the $1,118.936.40 fee award, and we will remand this case for further proceedings consistent with this opinion.